All right, our next case is People v. Marcum, and Justice Chapman is the third judge on this case. She's unable to be here today. She'll be listening to the audio recordation of your argument. So, please proceed. Good morning. May it please the court. My name is Alexander Marches, and with the State Appellate Defender's Office, I represent Mr. George Marcum. Mr. Marcum appeals for his Marion County conviction following a bench trial for aggravated criminal sexual abuse. This appeal presents the question of what to do in a trial for its findings of fact and its verdict ever earlier. Briefly, the facts are as follows. According to the complainant, she'd been to the Marcum's home many times, and had known Mr. Marcum for approximately four years. She stayed the night almost every weekend, including when Mr. Marcum was the only adult in charge, and although she found him annoying when he was tolerable, she had never been appropriately touched by the complainant or the stepdaughter of the complainant's friend. On the night of the incident, Mr. Marcum arrived at home and seemed to be troubled. The complainant and stepdaughter were watching a movie in the living room. Mr. Marcum joined, eating pizza, dancing provocatively, and making obnoxious and inappropriate comments. The stepdaughter became annoyed with him, and yelled for her mother, his wife, to get out of the living room. Ultimately, the stepdaughter left the room to get her mother. It was at this point, and again by complainant's account, that Mr. Marcum poked her in her side and grabbed her breasts. However, when asked, did you feel like he was trying to make a move on you, she testified no. It didn't seem like it. It felt really awkward. The problem here is that the trial court's findings of fact indicated that a reasonable doubt did exist as to intent. In other words, Mr. Marcum did not act for sexual gratification or arousal. Broadly speaking, the trial court found the complainant credible, and she testified that Mr. Marcum did not make a move on her at the moment he touched her breasts. Speaking more precisely, the trial court found her both credible and capable of distinguishing between conduct of the sexual nature and conduct of the non-sexual nature. In reaching his verdict, the trial court relied upon the complainant's testimony that Mr. Marcum danced, quote, provocatively, and made, quote, lewd comments. However, the trial court arbitrarily or capriciously ignored the complainant's other credible testimony that Mr. Marcum was not making a move on her at the moment he made contact with her breasts. For your honors, the complainant's testimony regarding this critical moment was credible, and the trial court was right to find her credible generally. Her testimony on this point was, first of all, uncontradicted. Indeed, it was consistent with the only other testimony regarding this moment of contact, that of Mr. Marcum, saying that he poked her sides to glitter. Second of all, her testimony was probable. She testified that no other contact like this had occurred over the last four years. She testified that at the moment of contact, it was unlike the moments preceding it. In other words, this was not a provocative or lewd contact. Mr. Marcum was not making a move on her. Finally, the complainant's testimony was unimpeached. So the trial court erred by arbitrarily or capriciously ignoring the complainant's testimony on this point as it announced its verdict. Of course, trial courts may not ignore uncontradicted, probable, and unimpeached testimony. That's the statement that she made. And I was just trying to – I know – I think you put it – Warner, both of you put it in the briefs. She didn't say, I thought that he wasn't trying to make a move on me. She just said he wasn't making a move on me. But wasn't she actually giving her opinion as to whether or not – Sure, and it's her opinion that the trial court was relying on in order to find that he had made lewd and provocative comments. It was her opinion that the trial court found credible. So the trial court had found the complainant credible, and she was capable of distinguishing between comic sexual mischief and non-sexual mischief and went and directly asked, was he making a move on you? She said no. Well, her statement, wouldn't that be one piece of evidence that the trial court would look at together with his intoxication, he was dancing, the comments that he made to the girls? Certainly. And the Brown case we cited in the reply brief addresses this point. It's for the trial court to make credibility determinations and weigh conflicting evidence. However, the trial court cannot ignore credible, unimpeached, unconstituted evidence. And the trial court had found the complainant credible, and the trial court simply ignored this part of her testimony. You look through the factual findings, it's not there, but the trial court made a point of saying that the complainant was credible. And therein lies the issue. The trial court had found a reasonable doubt as to guilt, but the trial court's findings of fact and its verdict diverged. In sum, if this court finds that a reasonable doubt existed, and it should, then the parties agree that Mr. Martin would be guilty of a misdemeanor of battery, a lesser included offense. Below, the trial court's findings of fact indicated that a reasonable doubt did exist. Accordingly, this court should refuse Mr. Martin's conviction of misdemeanor battery. Are there any other questions? I have no questions. Thank you, Counsel. Argue it for the State. Good morning, Your Honors. Victoria Joseph for the people of the State of Illinois. May it please the Court. Counsel, defendant correctly points out that the key issue here is whether there was sufficient evidence of the defendant's intent that his act was done for the purpose of sexual arousal or gratification. The defendant mainly bases his argument on one piece of evidence that the victim stated she did not think the defendant, or as I believe you put it, that he wasn't making a move on her. As Your Honor correctly pointed out, this was her opinion. Her subjective perception of what the defendant was doing is not a posit to determining the defendant's intent, and this is for two reasons based on the plain language of the statute. The statute does not have a restrictive definition of what is sexual arousal or gratification. The defendant does not have to succeed in achieving sexual arousal or gratification in order to have the intent to act for that purpose. Therefore, because the victim was not aroused or sexually gratified by the defendant's conduct does not mean he was not doing it for that intent. Additionally, the statute specifically says that it's the intent to do this for the sexual arousal or gratification of the victim or the accused. Therefore, you can also look at this that he was trying to arouse or sexually gratify himself, not the victim in this case. Therefore, you can look at, as Your Honor pointed out, the totality of the circumstances to infer intent, not her statement alone. And in looking at the totality of the circumstances, you have here conduct that is inherently sexual, as is found by the Second District in Burton, which is cited in our brief. The defendant complains that Burton is contradictory to both Colton and Terrell, which are Supreme Court cases. In Colton and Terrell, they were looking at the evidence of sexual penetration versus sexual conduct. And basically their holding was that in every case of sexual penetration, there's already going to be within it the intent to sexually arouse or gratify because penetration itself is an intentional act. The legislature has specifically exempt certain conduct from having that intent, such as medical treatment or caretaker or parental treatment, which is along the lines of medical care. Burton reflects this as well. What Colton and Terrell do not say, do not preclude the finding that there is some sexual conduct which can also be inherently sexual. They recognize that there is some conduct included in the very broad language of the statute that will not be inherently sexual because it may be inadvertent or accidental. In this case, we do not have inadvertent or accidental conduct. As defendant has already conceded, he could be found guilty of battery, which your honors know is a knowing mental state. Therefore, it's not precluded to find that some conduct, sexual conduct, is also sexually inherent, and that is the conduct we have here, the grabbing of the victim's breast. There is also the additional circumstantial evidence here supporting such a finding. The defendant's very explicitly lewd comments and his provocative dancing shortly before the actual conduct. Therefore, the people assert the totality of the circumstances and the totality of the evidence support a finding of guilt, despite the victim's comment that she perceived his actions as not making a move on her. Are there any questions? No questions. Thank you, counsel. Thank you. Rebuttal. Thank you, your honor. Just three points. First of all, the state refers to the complainant's testimony as merely her opinion. While it's true that it was her opinion, it's also true that the trial court found her credible. This was credible, truthful evidence in the court's opinion. We're asking the court, this appellate court, to look to the trial court's actual factual findings.  Just to refresh my memory, are those findings, oral findings, on the record or were they written? On the record, pages 306 to 311. All right. And found the witness credible on this particular statement or as a general matter? As a general matter. They said, you know, at no point had defense impeached this witness whatsoever. The second point is that this idea of make a move, make a move on, what does that mean? I think the state talked about, was the victim aroused by this action? Was the defendant aroused by this action? I just want to point out that make a move on is an attempt to make an intimate or sexual encounter. And in the complainant's view, Mr. Markman was not trying to sexually arouse or gratify himself. He was not trying to make a move on her. And finally, the third point is that the state correctly points out the any rational trial is apt standard. Another standard that goes along with this case is what men may not in trial court do. Trial court may not ignore uncontradicted, helpful, and unimpeached testimony. And then, excuse me, but I actually have a fourth point, which is that the state talks about the definition of sexual conduct. And I think a fair characterization of the state's discussion, both in its brief and at oral argument, is that two concepts, one of contact and one of intent, are sort of being put together. And the state cites Burden to say that, you know, touching a breast generally carries a sexual purpose. Therefore, unless it's a medical examination, you can find intent. I don't think that's quite right. It's contact and there's intent, and that's plain reading of the statute. And under the state's reading, you have two very absurd examples that could obviously not hold. For example, imagine a mother brushing lint off her child's sweater, raising her hand across the child's breast through the clothes right before the child takes a family photo. Not a medical examination, not sexual gratification or arousal, but that would fit the state's definition of sexual conduct. Similarly, a mother picking up her child, scooping her off the couch and setting her into her bed for a nighttime sleep. You could accidentally touch the child's breast through the clothing in that action. That would fit the state's definition of sexual conduct. And I don't think the legislature ever intended to bring that within the auspice of sexual conduct. If there are no other questions. I have no questions. Thank you, counsel. We'll take this case under advisement. And we're going to take a recess until 1. We'll be in recess.